## LAMARQUE *vs.* LANGLAIS.

Under the act of December 23, 1815, (1 Territorial Laws, 422,) directing the mode of taking the acknowledgment or proof of deeds executed by non-residents, a notary public of another State was not one of the offiers therein authorized to take the acknowledgment of a non-resident to a conveyance of lands situated in this State.

### ERROR to Washington Circuit Court.

P. COLE, *for Plaintiff in Error.*

The only point in the case is, whether the Circuit Court erred or not in excluding the deed and certificates from the jury. The law that must govern the case will be found in Geyer's Digest, p. 128, 9, sec. 6.

SCOTT *and* ZEIGLER, *for defendant in Error.*

There seems to be but one point worth notice in the case, viz.:—

Was the deed of the 9th September, 1820, by Pierre Leverard, alias Morton, and wife, to Bernard Pratte, sen., and Thomas F. Riddick, tendered in evidence by Lamarque as a *recorded deed*, under the certificates and proof offered to sustain and authorize its admission, properly rejected by the court.

The defendant in error contends it was properly rejected.

TOMPKINS, *Judge, delivered the opinion of the Court.*

John Langlais sued Etienne Lamarque in ejectment, and having obtained a judgment against him in the Circuit Court, Lamarque prosecutes his writ of error to reverse that judgment.

None of the evidence given by the plaintiff is preserved in the bill of exceptions; but the only point on which the defendant in the Circuit Court, appellant here, relies is, that the court rejected a deed, offered by him to show title out of the plaintiff, appellee. This deed, according to Mr. Scott's statement, (for I am not able to decipher the name as written by the clerk of the Circuit Court,) is made by Pierre Leverard, alias Martin. He and his wife convey to Bernard Pratte, sen., and Thomas F. Riddick, by deed dated the 9th September, 1820, and acknowledged before a notary public of Randolph county in the State of Illinois, and filed for record in the recorder's office in Washington county in this State, on the 25th day of October in the same year. The land is described as containing four hundred acres, &c., situated in the old mines in the county of Washington, &c., and is the tract granted to the said Pierre by concession from Don Carlos Dehault Delassus, lieutenant-governor of the province of Upper Louisiana, &c. For what reason this deed was refused to be received in evidence we are not able to collect from any points made by the counsel of Lamarque. He says, "The only point in the case is, whether the court erred in excluding the deed from the jury;" and adds, that the law will be found in Geyer's Digest, 128, 9. There it is found to be provided by statute, "that all deeds or conveyances of any lands or tenements within this territory, which shall be proved before any court of record, and certified under the seal of such court of record, and all such deeds and conveyances made by such person or persons, not residing in this territory, as shall be acknowledged before any mayor, chief magistrate, or other officer of any city, town, or place where such deeds are, or shall be made or executed, and certified under the common or public seal of such city, town, or place where they have a public seal, if not, under the private seal, &c., shall be as valid and effectual in law as if the same had been acknowledged or proved before any judge of the superior or circuit courts in this territory." This act was passed in December, 1815, and was the law of 1820 also. Its only effect was to impart notice to subsequent purchasers of the same land. But, by the ninth section of the act of 1st February, 1839, supplementary to an act concerning evidence, it is provided, that "any deed of conveyance duly acknowledged or proved, and recorded,

according to any law in force at the time of such acknowledgment or proof, although not declared to be evidence, shall be received in evidence, if it shall appear to have been duly recorded in the proper office within one year from its date, or more than twenty years from the time it is offered in evidence. This deed has been shown to have been filed for record within less than one year from its date. Was it acknowledged before such person as the act requires? The act requires it to be proved or acknowledged, 1st, before a court of record, &c., or, 2d, any mayor, chief magistrate, or other officer of any city, town, or place where such deeds are, or shall be, made or executed, and certified under the common or public seal of such town, city, or place where they have a public seal, &c.

The act seems first to have selected judicial tribunals as the most proper to authenticate deeds; next, the chief executive officers of any town, city, or place: first it says, "before any mayor, chief magistrate, or other officer," meaning, certainly, other chief officer of any city, town, or place. If there were, under the laws of Illinois, any chief officer to assume the government or civil control over the county of Randolph, a question might arise, whether an acknowledgment of a deed before such an officer were not good? We know well that notaries public are not officers of that character; public policy might require the appointment of more than one, and neither of them would necessarily be connected with, or dependent on, the other; and his seal, therefore, could not be the seal of Randolph county.

The judgment of the Circuit Court is affirmed.